IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § vs. § § § JOHN ANTHONY WORTHAM (1) § § | CASE NO. 4:14-CR-0021-ALM |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On May 20, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Allen Hurst. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

*Background*

After pleading guilty to the offense of Receipt of Child Pornography, a Class C felony, John Anthony Wortham ("Defendant") was sentenced on October 9, 2014 by United States District Judge Marcia A. Crone. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 34 and a criminal history category of I, was 151 to 188 months. Judge Crone sentenced Defendant to an imprisonment term of 151 months followed by a 10-year term of supervised release subject to the standard conditions of release, plus special conditions to include weapons restriction, DNA requirements, mandatory drug testing, sex offender registration, mental health treatment, sex offender treatment and testing, restrictions from contact with minors, restrictions from computers and internet, computer monitoring software compliance, restrictions on gaming consoles and social media, restrictions on

1

digital camera equipment, restrictions on sexually explicit material, sex offender search requirement, and financial disclosure for computer monitoring compliance. The case was re-assigned to United States District Judge Amos Mazzant on March 2, 2023. Defendant completed his term of imprisonment and started his term of supervised release on October 3, 2023. The Court revoked Defendant's supervised release on August 1, 2024 and sentenced him to an imprisonment term of 6 months followed by a 10-year term of supervised release with the first 6 months to be served in a halfway house. Defendant again completed his term of imprisonment and started his term of supervised release on January 24, 2025.

*Allegations*

In the petition seeking to revoke Defendant's supervised release, filed on May 6, 2025, United States Probation Officer Ashley McKinney alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (special condition): The defendant shall not use or own any device (whether or not at his/her place of employment, residence, or elsewhere) that can be connected to the Internet or used to store digital materials other than that authorized by the probation officer. This includes, but is not limited to, desktop computers, laptops, PDAs, electronic games, and cellular telephones. The defendant shall not use any device other than the one the defendant is authorized to use. The defendant shall allow the U.S. Probation Office to install software designed to monitor activities. This may include, but is not limited to, software that may record any and all activity on the computers the defendant may use, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. The defendant will pay**

**any costs related to the monitoring of his/her computer usage.** It is alleged that Defendant was found to be in possession of a Gabb phone with an unauthorized internet data plan on April 29, 2025 and was using the phone to routinely access the internet without authorization.

2. **Allegation 2 (special condition): The defendant shall refrain from the purchase, possession, or use of digital cameras, digital recorders, or any other type of digital recording and or photographic equipment, unless approved by the probation office.** It is alleged that Defendant was found to be in possession of a Gabb phone with a working digital camera on April 29, 2025 without approval from the probation officer.

3. **Allegation 3 (special condition): Upon release from imprisonment, the defendant shall be on supervised release for a term of 10 years with the first 6 months to be served in a halfway house.** It is alleged that Defendant was unsuccessfully discharged from the residential reentry center (the halfway house) on April 29, 2025 for failing to comply with the rules of the facility, as reported by facility staff.

4. **Allegation 4 (special condition): Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in sex offender treatment services. These services may include psycho-physiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor the defendant's compliance, treatment progress, and risk to the community. The defendant shall abide by all rules and regulations of the treatment program. The defendant shall pay any costs associated with treatment and testing. Should the defendant fail to pay as directed, the defendant shall perform 3 hours of community service for**

**each unpaid session**. It is alleged that Defendant was unsuccessfully discharged on May 1, 2025 from sex offender treatment for failing to comply with the rules of the treatment program, as reported by the treatment provider.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum sentence the Court may impose is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was I. The Guidelines, therefore, provide that Defendant's guideline range for a Grade C violation is 3 to 9 months of imprisonment. U.S.S.G. § 7B1.4(a).

### *Hearing*

On May 20, 2025, Defendant appeared for his final revocation hearing. The parties announced that they reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of imprisonment for 6 months followed by a 10-year

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

term of supervised release with conditions to include a 180-day placement in a residential reentry center or similar facility. The recommended sentence of 6 months includes and accounts for 85 days of unserved community confinement. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 in the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Texarkana.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that the allegations in the petition are true. Defendant is guilty of a Grade C supervised release violation. I find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 6 months followed by a 10-year term of supervised release with conditions to include a 180-day placement in community confinement. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 6 months followed by a 10-year term of supervised release with conditions to include a 180-day placement in community confinement upon release from imprisonment. The term of imprisonment includes and accounts for 85 days of unserved community confinement. Any criminal monetary penalties previously

ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Texarkana.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 6 months followed by a 10-year term of supervised release with conditions to include a 180-day placement in community confinement upon release from imprisonment.

So ORDERED and SIGNED this 20th day of May, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE