# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **NO. 4:14-CR-00021-ALM-AGD** |
| | § | |
| **JOHN ANTHONY WORTHAM (1)** | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This report and recommendation addresses a petition for revocation of the defendant's supervised release. Dkt. 83 (sealed).

## PROCEDURAL HISTORY

On October 9, 2014, United States District Judge Marcia A. Crone sentenced defendant John Anthony Wortham to 151 months of imprisonment followed by ten years of supervised release. Dkt. 45 at 2–3. Wortham's current term of supervised release commenced on November 18, 2025. Dkt. 83 at 1.

In February 2026, a probation officer petitioned the court for a warrant, alleging that Wortham had violated two conditions of his supervised release. Dkt. 83. Specifically, the petition alleged that Wortham had violated conditions that required him to reside in a residential reentry center for a period of 180 days and not use or own any device that can be connected to the internet or used to store digital materials other than that authorized by the probation officer. *Id.* at 1–2.

In support of those allegations, the petition asserted that, on February 18, 2026, Wortham was discharged unsuccessfully from the residential reentry center for failing to comply with the rules of the facility. *Id.* at 1–2. The petition also asserted that, on February 17, 2026, Wortham admitted to having an external device that is used to store digital materials other than that authorized by the probation officer. *Id.* at 2.

A final revocation hearing was held before me on March 19, 2026. Wortham pleaded true to the allegations. Minute Entry for Mar. 19, 2026. He also consented to revocation of his supervised

release and waived his right to object to my proposed findings and recommendations. *Id.*; Dkt. 94. The government requested a sentence of six months of imprisonment followed by nine years of supervised release, which is within the federal sentencing policy statements. Minute Entry for Mar. 19, 2026. The government also requested that Wortham's previous conditions of supervised release be reimposed and that the first 180 days of such supervised release be completed in a residential reentry center. *Id.* The defendant agreed. After hearing argument from counsel, the court announced what its recommendation would be.

### RECOMMENDATION

In accordance with the Sentencing Reform Act of 1984, and having considered both parties' arguments, the court recommends that: (1) Wortham's supervised release be revoked based on the allegations in the petition, Dkt. 83; (2) Wortham be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six months, to run consecutively to any other term of imprisonment, and to include 88 days of unserved community confinement, with nine years of supervised release to follow, all prior conditions imposed; (3) the first 180 days of Wortham's supervised release be completed in a residential reentry center; and (4) Wortham be placed at FCI Texarkana in Texarkana, Texas, if appropriate.

So **ORDERED** and **SIGNED** this 31st day of March, 2026.

_____

Bill Davis
United States Magistrate Judge